IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE ANN MCNAIR, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>MBK, INC., d/b/a CheckcareSystems of Nashville, )<br>)<br>Defendant. ) | No. _____<br>Jury Demand |

## COMPLAINT

Plaintiff Julie Ann McNair files this Complaint for damages relating to and resulting from discrimination in connection with her employment with MBK, Inc. d/b/a Checkcare Systems of Nashville because of her disability and/or perceived disability and in retaliation for her asserting rights and benefits under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*, ("ADA"). Plaintiff asserts a claim for disability discrimination, hostile workplace discrimination and retaliation in violation of the ADA. For her Complaint, plaintiff states as follows:

## IDENTIFICATION OF THE PARTIES

1.   Plaintiff is a resident of Murfreesboro, Tennessee.

2.   Defendant is a Tennessee corporation having its principal place of business in Antioch, Tennessee. Defendant does business in Rutherford County Tennessee and employed plaintiff in Rutherford County Tennessee. Defendant can be served with process through its registered agent, Mike Stalnaker, 240 Glenis Drive, Murfreesboro, Tennessee 37129-5158.

## STATEMENT OF JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 since plaintiff asserts claims arising under the laws of the United States, specifically the ADA.

4.     Venue is proper in this Court because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee.

## FACTUAL AVERMENTS

5.     On May 15, 2006, plaintiff became employed with defendant MBK in sales and eventually became a client services supervisor before being demoted to a client services representative before she was terminated by defendant.

6.     Plaintiff was a good employee and performed her job duties in sales and as a client services in an acceptable manner.

7.     Plaintiff has been diagnosed with and suffers from Ehlers-Danlos Syndrome which causes plaintiff to experience joint problems, exhaustion, extreme stiffness and lack of mobility, particularly in the morning.

8.     Plaintiff's physical impairment substantially limited one or more of her major life activities.

9.     In November, 2012, plaintiff requested reasonable accommodations from defendant in the form of a modified work schedule and, in the event that was unsuccessful, a reduction of plaintiff's hours to a part-time basis.

10.     Defendant agreed to accommodate plaintiff as requested, but immediately following plaintiff's request for a reasonable accommodation, defendant mocked and made fun of plaintiff's health condition and divulged confidential medical

information about plaintiff to plaintiff's co-workers who did not need to know such information.

11.     Additionally, following plaintiff's request for a reasonable accommodation, defendant began to closely monitor and scrutinize plaintiff's work performance.

12.     On December 20, 2012, a month following plaintiff's reasonable accommodation beginning, defendant issued plaintiff a disciplinary write-up for the first time in her more than six years of employment with defendant.

13.     The disciplinary write-up was directly related to plaintiff's health problems - for going to a doctor's appointment and being 15 minutes late.

14.     On January 10, 2013, less than three weeks after the first disciplinary write-up, defendant issued plaintiff a second disciplinary write-up - again for being late to work because of her medical condition.

15.     On February 20, 2013, defendant demoted plaintiff from the Client Services Supervisor position and took away her supervisory duties, explaining to her that she could not be a manager because she could not be placed in charge of employees due to the one hour modification of her work schedule.

16.     Because of defendant's increased scrutiny of plaintiff, disciplinary write-ups and demotion, plaintiff began to document what defendant was doing to her and told defendant's general manager on March 27, 2013 that she had begun doing so.

17.     The following day, on March 28, 2013, defendant terminated plaintiff's employment.

18.     Initially, defendant informed plaintiff that it was terminating her

employment because she was an unmanageable employee.

19.     Defendant's initial stated reason for its termination decision is a pretext for unlawful discrimination and beyond belief as plaintiff worked for defendant for more than six years and was not counseled or disciplined for unmanageability or anything else until she requested a reasonable accommodation shortly prior to her discharge.

20.     Defendant's initial stated reason for its termination decision also is contrary to defendant's Chief Operating Officer Scott Little's statement to plaintiff shortly after the termination meeting that he did not agree with the termination and that she was a good employee.

21.     Subsequently, defendant changed the stated reason for its termination decision and informed the State of Tennessee Department of Labor that it had terminated plaintiff due to lack of work.

22.     Defendant's revised stated reason for its termination decision also is a pretext for unlawful discrimination and beyond belief as plaintiff regularly and consistently worked 50 to 60 hours per week for defendant prior to her discharge.

23.     As a direct result of defendant's unlawful actions, plaintiff has suffered damage.

24.     Plaintiff filed a timely charge of discrimination (alleging disability discrimination and retaliation) with the Equal Employment Opportunity Commission ("EEOC") and has received the attached Notice of Right to Sue ("Notice") from the EEOC.

## Claim For Disability Discrimination, Hostile Work Environment and Retaliation in Violation of Federal Law

25.   Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 24 herein.

26.   At times material to this Complaint, plaintiff suffered from a physical impairment that substantially limited one or more of her major life activities.

27.   Defendant also perceived and regarded, and at all times material to this Complaint perceived and regarded, plaintiff as having a physical impairment that substantially limited one or more of her major life activities.

28.   Plaintiff was and is able to perform the essential functions of her job with defendant with reasonable accommodations.

29.   Defendant discriminated against plaintiff in the terms, conditions and privileges of her employment and discharged plaintiff from her employment because of her disability and/or in retaliation for her opposition to and/or refusal to participate in defendant's offensive, inappropriate and unlawful actions as described above, in violation of the ADA.

30.   Defendant created, allowed and failed to remedy a hostile work environment based on plaintiff's disability that altered plaintiff's working conditions in violation of the ADA.

31.   Defendant retaliated against plaintiff because of her opposition to defendant's unlawful actions in violation of the ADA.

32.   As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

33.     As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

34.     As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1.     An award of compensatory and punitive damages against defendant in an amount to be determined by the jury;

2.     An award of attorneys' fees;

3.     An order of reinstatement;

4.     A jury for the trial of this action; and

5.     Such other, further and general relief to which she may be entitled.

_____
Kerry E. Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000

_____
Stephen W. Grace, TN No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Julie Ann D. Mc Nair
~~████████████~~
Murfreesboro, TN 37███

From: Nashville Area Office
220 Athens Way
Suite 350
Nashville, TN 37228

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2013-01341 | David J. Smith, Investigator | (615) 736-5928 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Sarah L. Smith,
**Area Office Director**

FEB 27 2014
(Date Mailed)

Enclosures(s)

CC:
MBK INC. D/B/A/, CHECKCARE OF NASHVILLE
c/o: Cope, Hudson, Reed, & McCreary, PLLC
Attn: Josh A. McCreary, Esq.
P.O. Box 884
Murfreesboro, TN 37133-0884

Kerry Knox, Esq.
LAW OFFICE OF KERRY KNOX
117 S. Academy Street
Murfreesboro, TN 37130