IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE ANN MCNAIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-00958 |
| V. ) | JUDGE SHARP |
| ) | JUDGE KNOWLES |
| MBK, INC., d/b/a CheckcareSystems of Nashville, ) | |
| and MIKE STALNAKER, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16(d)(1)b.2, plaintiff Julie Ann McNair ("plaintiff") and defendants MBK, Inc d/b/a Checkcare Systems of Nashville and Mike Stalnaker ("defendants") submit this Proposed Initial Case Management Order.

1. Status of Service of Process: Service of process has been completed.

2. Status of Responsive Pleadings: Defendant has responded to the Complaint.

3. Jurisdiction: The parties agree that the Court has jurisdiction under 28 U.S.C. § 1331.

4. (a) Plaintiff's Theory of the Case: Plaintiff was employed with defendant MBK, was a good employee and performed her job duties in an acceptable manner. Plaintiff suffers from Ehlers-Danlos Syndrome, which causes her to experience joint problems, exhaustion, extreme stiffness and lack of mobility, particularly in the morning, and qualified for protection. Plaintiff's condition constitutes a disability within the meaning of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*., ("ADA"). Defendants mocked and made fun of plaintiff's health condition and divulged confidential medical information about plaintiff to her co-workers who did not need to know such information. Additionally, following

plaintiff's request for a reasonable accommodation, defendant MBK began to closely monitor and scrutinize plaintiff's work performance and disciplined, demoted, harassed and terminated plaintiff because of her because of her disability and/or perceived disability and in retaliation for her asserting rights and benefits under the ADA. Additionally, after defendants demoted plaintiff from her supervisory job position on February 20, 2013 and until the time of plaintiff's termination, defendants improperly continued to classify plaintiff as a salaried employee exempt from the overtime requirements of the FLSA even though plaintiff no longer performed exempt job duties. During this time, plaintiff consistently worked more than 40 hours per workweek and was entitled to receive but did not receive overtime wages at a rate of one and one-half times her regular rate of pay for hours worked over 40 in a given workweek. Defendants also violated the recordkeeping provisions of the FLSA by failing to keep records of the number of hours worked by plaintiff.

Plaintiff asserts a claim for disability discrimination, hostile workplace discrimination and retaliation in violation of the ADA. Plaintiff also asserts a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"). As a direct result of defendant's actions, plaintiff has suffered damages.

(b) <u>Defendant's Theory of the Case</u>: The Plaintiff was terminated for a legitimate and discriminatory reason. She was habitually and chronically late to work. The Plaintiff never told the Defendants she had an actual medical condition nor did she provide the Defendants with any evidence she had an actual medical condition. The Plaintiff is not a qualified individual with a disability under the ADA. Despite this, after going through a consultative process with the Plaintiff since she was continually late, the Defendants attempted to work with the Plaintiff by moving her start time from 8 a.m. to 9 a.m. Even after changing her

start time, the Plaintiff was still, without explanation, habitually late. Warnings went completely unheeded. There was no reasonable accommodation that could be made for the Plaintiff. In addition to the problems with Plaintiff's tardiness, she also regularly caused serious problems with other employees and generally created a negative and problematic work environment for anyone associated with her in the work environment.

The Plaintiff was properly paid throughout the duration of her employment. She was an exempt employee for purposes of FLSA. All pay obligations with respect to the Plaintiff were met.

5. <u>Identification of Issues</u>: The following issues have been resolved: service of process, jurisdiction, and venue. All other issues relating to liability and damages are in dispute.

6. <u>Need for Additional Claims</u>: At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or class certification, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiff may seek to amend his Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is September 30, 2014.

7. <u>Rule 26(a)(1) Disclosures</u>**:** The parties shall make their Rule 26(a)(1) disclosures within thirty (30) days from the date of the initial case management conference.

8. <u>Other Pretrial Discovery Matters</u>: All discovery shall be completed on or before December 15, 2014. All written discovery shall be submitted on or before November 15, 2014. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. Discovery-related Motions are due December 22, 2014.

9. <u>Expert Witnesses</u>:

(a) Plaintiff shall identify his expert witnesses and provide defendant (<u>not</u> file with the Court) all of the information specified in Rule 26(a)(2)(B) by October 15, 2014.

(b) Defendants shall identify their expert witnesses and provide plaintiff (<u>not</u> file with the Court) all of the information specified in Rule 26(a)(2)(B) by November 14, 2014.

(c) All supplements to expert reports shall be served by December 5, 2014.

(d) The deadline for completion of expert discovery is December 15, 2014.

(e) All motions related to expert discovery shall be filed by Apri l 18,2015.

10. <u>Dispositive Motion Deadlines</u>:

Dispositive motions shall be filed on or before February 16, 2015. Responses to dispositive motions shall be filed within thirty (30) days after service. Optional replies shall be filed within fourteen (14) days after service of the response. Briefs shall not exceed 25 pages without leave of Court.

11. <u>Pretrial Conference and Deadlines</u>: A pretrial conference is set for July 20, 2015, at 2:00 p.m. The parties' pretrial obligations will be set forth by separately entered order.

12. <u>Trial Date and Length</u>: This case is set for a jury trial on _August 11, 2015, before Judge Sharp. The trial is expected to last three days.

13. <u>Electronic Discovery</u>: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

It is so ORDERED.

Entered _____, 2014.

_____
Honorable E. Clifton Knowles
United States Magistrate Judge

Approved for Entry:

/s/ Kerry Knox
Kerry Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000

/s/ Stephen W. Grace
Stephen W. Grace, TN No. 14867
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225
Attorneys for Plaintiff


/s/ Josh A. McCreary
Josh A. McCreary, TN No. 19498
Nicholas C. Christiansen, TN No. 30103
Cope, Hudson, Reed & McCreary, PLLC
16 Public Square North
Murfreesboro, TN 37130
(615) 893-5522
Attorneys for Defendant